UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE E. TAUGHINBAUGH,

        Plaintiff,                    Case No. 05-73371

v.                                       HONORABLE AVERN COHN

JOHN E. POTTER, Postmaster
General of the United States and
THE UNITED STATES DEPARTMENT
OF PERSONNEL MANAGEMENT,

        Defendants.
_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**[1]

**I. Introduction**

    This is an employment case involving an employee of the United States Postal Service. Plaintiff Duane Taughinbaugh (Taughinbaugh) is suing defendants John E. Potter (Potter), the Postmaster General of the United States; and the United States Office of Personnel Management (OPM) for improperly disqualifying him from the Federal Employees Health Benefits Program (FEHBP).

    Before the Court is Defendants' Motion to Dismiss. For the reasons that follow, the motion is GRANTED and the case is DISMISSED.

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties's papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1 (e)(2).

## II. Background[2]

Taughinbaugh worked for the United States Postal Service (USPS) as a part-time flexible letter carrier. On March 13, 1999, Taughinbaugh began working for USPS in St. Clair, Michigan. On his appointment, Taughinbaugh elected not to enroll in FEHBP. On June 6, 1999, during his 90-day probationary period, USPS terminated Taughinbaugh. On June 24, 1999, Taughinbaugh filed a complaint with USPS's Equal Employment Opportunity (EEO) office saying his termination was a result of gender discrimination, a violation of Title VII of the 1964 Civil Rights Act. Taughinbaugh settled his claim with USPS. The settlement agreement (Settlement Agreement One), executed September 23, 1999, allowed Taughinbaugh to return to work with the USPS and to enroll in FEHBP during open enrollment (which ran from November 8, 1999 until December 13, 1999). Taughinbaugh returned to work on September 27, 1999 but failed to enroll for health benefits.

Taughinbaugh says that beginning on the day he returned to USPS he was the victim of retaliatory harassment by his co-workers, which caused him to take sick leave beginning November 15, 1999. On the same day he contacted the EEOC and requested an appointment to complain of the current situation. On November 29, 1999, Taughinbaugh notified the USPS that is was not in compliance with Settlement Agreement One for not assisting him with enrollment in the plan. In addition, Taughinbaugh claimed that the USPS failed to provide him with the necessary documents to facilitate enrollment. On the same day, Taughinbaugh notified the EEOC

---

[2] The background is taken from Defendants' motion to dismiss. Plaintiff's response does not contest the facts.

that since his return to work he had been the victim of retaliatory harassment.  Again, on December 29, 1999, Taughinbaugh notified USPS that is was not in compliance with Settlement Agreement One because he was not given the opportunity to enroll in the benefits plan.  Taughinbaugh officially filed a complaint with the EEOC for retaliatory harassment that day (Complaint One).

EEO Counselor, Kim Purcell, investigated Taughinbaugh's complaint and sent the results to the Manager of EEO Compliance and Appeals, Michael L. Garret (Garret). Garret issued a Final Agency Decision (FAD), holding that the USPS complied with the terms of Settlement Agreement One, and Taughinbaugh could appeal to the Equal Employment Opportunity Commission's Office of Federal Operations (OFO) within 30 days.  Taughinbaugh filed a timely appeal.

Senior EEO complaints investigator, Wolfgang Grundner, submitted a response to Taughinbaugh's appeal, and on July 7, 2000, the OFO dismissed the appeal and affirmed the FAD.  The OFO informed Taughinbaugh that he could file a request for reconsideration within 30 days or a civil action with the appropriate U.S. District Court within 90 days.  Taughinbaugh did neither.

On December 20, 2000, the USPS sent Taughinbaugh notice that he was being separated from the USPS effective January 30, 2001 for being in a non-pay status for more than one year (due to extended leave). Taughinbaugh filed a complaint with the EEO office claiming that his separation form USPS was a result of discrimination (Complaint Two).  Complaint One and Complaint Two were consolidated to be heard by an administrative judge of the EEOC.  On April 19, 2002, Taughinbaugh and USPS settled (Settlement Agreement Two).  Taughinbaugh received a lump-sum payment

(excluding taxes) of $55,000.00 and agreed to resign from the USPS.

On May 13, 2003, Taughinbaugh filed an Application for Immediate Retirement in which he stated that he was eligible to continue FEHBP coverage.  The USPS found that Taughinbaugh was ineligible to receive benefits because: (1) he had never been enrolled in FEHBP, and (2) an employee must have been enrolled for five years immediately prior to their separation from the USPS to be eligible for coverage during retirement.  USPS sent a report to OPM pertaining to Taughinbaugh's application for retirement so that it could calculate his retirement benefits accordingly.  OPM is the agency charged with calculating retirement annuity benefits for retired federal employees.

Dorothy Jones of OPM sent Taughinbaugh written notice that OPM considered his last day of employment as November 23, 1999 and based its benefit calculation on that date plus a voluntary extension to September 13, 2000, to complete the 18-month period necessary to qualify for a pension.  She did not give Taughinbaugh procedural information on the appeal process from an OPM decision.  On June 28, 2004, Taughinbaugh sent a letter to the OPM asking that the calculation be based on his resignation date, which was April 19, 2002 under Settlement Agreement Two.  OPM declined to modify its calculations and gave Taughinbaugh written notice of its decision on January 14, 2005.

On April 28, 2005, Taughinbaugh's attorney contacted the USPS and said that USPS had breached Settlement Agreement Two because OPM incorrectly calculated his annuity, by refusing to credit his $55,000 settlement payment in its calculations.  Taughinbaugh's attorney also said that Potter had violated Title VII though retaliatory

4

harassment, and Potter prevented him from receiving his disability retirement benefits. After an investigation, Garret issued a second FAD on June 19, 2005 finding that the USPS did not breach Settlement Agreement Two and that Taughinbaugh knew on January 14, 2005 that OPM declined to change its calculations but did not file a complaint until April 28. The FAD stated that Taughinbaugh could appeal Garret's decision to the OFO within 30 days or file a civil action in the U.S. District Court within 90 days. Taughinbaugh did neither.

On June 24, 2005, Taughinbaugh received a letter from Patrick Lawry of OPM stating that OPM would not change its calculations because it did not have any payroll records indicating a last day worked different than September 13, 2000 and that Taughinbaugh had not made any contributions to the retirement fund. The letter contained no information regarding an appeal process. Beginning on August 22, 2005, Taughinbaugh attempted to contact OPM several times to determine what avenues to pursue an appeal from the OPM. He contacted Dorothy Jones, Patrick Lawry, and the OPM Law Department without success.

Taughinbaugh filed this case on August 31, 2005. The complaint lists two counts: (1) incorrect computation of retirement benefits by OPM, and (2) improper disqualification from FEHBP by Potter.

### III. Discussion

#### A. Legal Standard

A complainant can only sue if he has met "rigorous administrative exhaustion requirements and time limitations" when appealing his complaint through the

administrative process. Brown v. Gen. Servs. Admin., 425 U.S. 820, 833 (1976). Federal Rules of Civil Procedure 12(b)(1) provides that a case must be dismissed if the court lacks subject matter jurisdiction. The Plaintiff has the burden of proving jurisdiction. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266 (6th Cir. 1990). The Court, in deciding subject matter jurisdiction, may consider the pleadings and "resolve factual disputes" which are not alleged in the pleadings. Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915, 918 (6th Cir. 1986).

### B. Analysis

Defendants seek to have the complaint dismissed for lack of subject matter jurisdiction because (1) Taughinbaugh did not exhaust his administrative remedies, and (2) the exclusive forum for a claim under the Federal Employees Retirement System after a decision by the Merit Systems Protection Board is the United States Court of Appeals for the Federal Circuit.

#### 1. Failure to Exhaust Administrative Remedies

##### a. Administrative Procedure for Appealing Final Agency Decision

The EEOC regulations articulate the process for complaints:

(1) an employee may appeal a final agency action or dismissal of a complaint. 29 C.F.R. § 1614.401(a);

(2) the employee must file his appeal within 30 days of receiving the agency decision to the OFO. 29 C.F.R. § 1614.402(a); 29 C.F.R. § 1614.403; and

(3) once an appeal has been taken, if unsatisfied with the result, the employee may file a lawsuit in the appropriate Federal District Court within 90 days of receiving the Commissions FAD. 29 C.F.R. § 1614.407(c).

### b. Potter's Argument

Potter says that Taughinbaugh is ineligible for FEHBP in retirement because to be qualified for FEHBP, a federal employee must be enrolled in the plan for at least five years before retirement, or, if the employee worked for fewer than five years, from the last day he was eligible to enroll in the plan to the date of retirement. 5 U.S.C. § 8905(b)(1).  Taughinbaugh did not enroll in FEHBP at any time during his tenure with USPS.  He elected not to enroll when be initially began work in March of 1999 or when he returned to work under Settlement Agreement One although he could have during open enrollment November 8, 1999 though December 13, 1999.

Potter also says that Taughinbaugh is barred from bringing suit in this court because he did not exhaust the administrative remedies in a timely manner available for complaining that Potter was in breach of Settlement Agreement One (for disqualifying him from FEHBP) and retaliatory harassment.  Taughinbaugh followed proper procedure when he filed a complaint with the EEO Director on December 29, 1999. Taughinbaugh also sought to resolve his complaint through the proper administrative remedies when he appealed Garret's FAD to the OFO within 30 days. 29 C.F.R. § 1614.402.  Taughinbaugh then, however, failed to exhaust his administrative remedies in a timely fashion because he needed to appealed the OFO decision upholding the FAD to this Court within 90 days.  Taughinbaugh waited until August 31, 2005 to file this case, more than five years after the OFO upheld the FAD on July 7, 2000.

Potter also says that Taughinbaugh is time-barred from bringing an action for

breach of Settlement Agreement Two.[3] Potter says that Taughinbaugh knew that OPM was using September 13, 2000 as his last day worked to calculate his benefits on May 24, 2004 when he received notice from Dorothy Jones. Taughinbaugh further knew that OPM would not recalculate his benefits on January 14, 2005 when OPM sent him formal notice of its decision. An employee has 30 days to complain of a breach of a settlement agreement from the date that he knew or should have known that the agency was not in compliance. 29 C.F.R. § 1614.504(a). Taughinbaugh waited until May 2005 to file an official complaint with the EEO Director, more than 30 days after January 14, 2005.

### c. Taughinbaugh's Argument

Taughinbaugh says, in count two of his complaint, that Potter wrongfully disqualified him from FEHBP. Taughinbaugh says that Potter, through USPS, did not provide him with paperwork necessary to enroll for medical benefits as it had when he began his commission at USPS in March of 1999. Taughinbaugh also says that he took sick leave on November 15, 1999, one week into the open enrollment period of FEHBP, because Potter, though USPS employees, harassed him to the point of emotional breakdown. Once on sick leave, Taughinbaugh says that USPS put him on inactive employment status, which prevented him from enrolling in FEHBP while away from work. By not allowing him to enroll in FEHBP, Taughinbaugh says that Potter is in breach of Settlement Agreement One. Taughinbaugh filed a complaint with the EEO

---

[3] Taughinbaugh does not explicitly make this argument in his complaint; however, Potter and OPM address it in their Motion to Dismiss. The Court included this portion in the interest of completeness.

Director December 29, 1999 complaining of this breach and retaliatory harassment, a violation of Title VII. Taughinbaugh does not however, explain why he did not follow through with filing a civil action in this court under 29 C.F.R. § 1614.407 within 90 days after receiving the decision of the OFO.

Taughinbaugh says that Potter violated Settlement Agreement Two by not providing OPM with the necessary documents to verify his last day worked. He does not address why he waited more than 30 days to file his complaint in the matter.

### d. Conclusion

Although Potter may have breached Settlement Agreement One in preventing him from enrolling in FEHBP through harassment, Taughinbaugh did not file this action within the 90-day time limit after receiving the OFO decision. Additionally, Taughinbaugh did not file a complaint with the EEO Director within the proscribed time limit for breach of Settlement Agreement Two. Taughinbaugh, therefore, did not exhaust his administrative remedies in a timely fashion.

### 2. Lack of Subject Matter Jurisdiction

It is well established that OPM is required to adjudicate all claims arising under the Federal Employees' Retirement System (FERS). 5 U.S.C. § 8461(c). If an employee is unhappy with the decision of the OPM, he may appeal to the Merit Systems Protection Board (MSPB). 5 U.S.C. § 8461(e)(1). The MSPB is the final administrative agency to review the calculation of annuities before a claimant may seek judicial review before the Court of Appeals for the Federal Circuit. The statute appears to indicate that appeal to the MSPB is permissive: "administrative action or order affecting the rights or interests of an individual or of the United States under the provisions of this chapter

administered by the Office may be appealed to the Merit Systems Protection Board under procedures proscribed by the Board." 5 U.S.C. § 8461(e)(1) (emphasis added). In order to seek judicial review, however, there must be "final agency action." 5 U.S.C. § 704. The Court of the Appeals for the Ninth Circuit held that when a complainant did not exhaust his remedies through the MSPB, there was no final agency action and, therefore, the complainant cannot seek judicial review. U.S. v. Chang, 53 F.3d 340 (9th Cir. 1995). Finally, the only forum for an appeal concerning federal personnel actions is the Court of Appeals for the Federal Circuit, where all FERS claims are heard. 5 U.S.C. § 7703(b)(1).[4]

### b. OPM's Argument

The only claim Taughinbaugh has against OPM is that it incorrectly calculated his annuity under FERS. Taughinbaugh did not appeal to the OPM for reconsideration of the annuity calculation nor seek review before the MSPB. Even if Taughinbaugh had followed the proper procedure, this Court is not the proper venue because appeals involving FERS claims are heard by the Court of Appeals for the Federal Circuit. Hackett v. Office of Pers. Mgmt., 721 F.2d 580 (6th Cir. 1983).

### c. Taughinbaugh's Argument

Taughinbaugh says that he sought information about the appeal process from OPM, but that neither Dorothy Jones, Patrick Lawry, nor the OPM Law Department responded to his inquires until after he filed this suit. Taughinbaugh implicitly says, in

---

[4] See also 28 U.S.C. § 1295(a)(9). The Supreme Court has also upheld exclusive judicial review of civil service retirement claims after exhaustion of all administrative remedies by a claimant. See Lindahl v. Office of Pers. Mgmt., 470 U.S. 768 (1985); United States v. Fausto, 484 U.S. 439 (1988).

his pleadings, that he was unaware of the appeal process to the MSPB or that jurisdiction for appeals from MSPB FERS claims rested solely with the United States Court of Appeals for the Federal Circuit.

### d. Conclusion

Although Taughinbaugh may have a valid claim that OPM incorrectly calculated his benefits in direct contravention of Settlement Agreement Two, he must take up that complaint with MSPB and then the United States Court of Appeals for the Federal Circuit.  This Court does not have subject matter jurisdiction over this claim, therefore, Taughinbaugh's claim must be dismissed.

### IV. Conclusion

The essence of Taughinbaugh's opposition to Defendants' motion is that he was not provided assistance in filing the FEHBP enrollment paperwork and the OPM incorrectly calculated his retirement benefits.  Taughinbaugh, however, simply failed to follow proper administrative procedures in a timely fashion.  Likewise, he brings his claim against the OPM in the wrong forum.  Accordingly, the Court lacks subject matter jurisdiction over Taughinbaugh's claims.

SO ORDERED.


Dated:  February 14, 2006             　s/Avern Cohn_____
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE